IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY MONTGOMERY, | ) | CASE NO. 1:21-cv-0999 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| ADAM GOVE, *et al.*, | ) | **OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |

On July 22, 2021, Defendant Sedgwick Claims Management Services, Inc., filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF Doc. 11. Thereafter, plaintiff filed a second amended complaint adding an additional claim against Defendant Sedgwick for aiding and abetting employment dsicrimination. ECF Doc. 19. On August 18, 2021, Sedgwick filed a supplement to the motion to dismiss. ECF Doc. 22. Plaintiff filed a response (ECF Doc. 24) and Sedgwick filed a reply. ECF Doc. 27.

For the following reasons, Defendant Sedgwick's motion to dismiss is **GRANTED.** Plaintiff's FMLA interference claim (Count I) against Sedgwick is dismissed with prejudice; plaintiff's aiding and abetting discrimination claim (Count VI) is dismissed without prejudice.

**I.     Background**

Plaintiff worked as a laborer for Adam Gove, Richland County Engineer, from September 2005 to January 4, 2021. Plaintiff suffers from mental health disabilities and was on approved FMLA leave from August 10, 2020 to October 29, 2020. On September 23, 2020, in fulfillment of its contract to administer employees' leave requests for Defendant Gove, Sedgwick contacted plaintiff regarding his leave. During the phone call, plaintiff allegedly made

1

threatening comments regarding co-workers, and Sedgwick shared a recording of the phone call with Defendant Gove. Plaintiff was medically released to return to work on November 1, 2020, but he never did. Instead, Defendant Gove placed him on administrative leave pending an investigation of the recorded phone call. Following the investigation, Defendant Gove terminated plaintiff's employment on January 4, 2021.

II.    **Law & Analysis**

    A.    **Standard of Review**

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints alleging "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557. In addition, simply reciting the elements of a cause of action or legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

    B.    **Analysis**

Plaintiff has asserted two claims against Defendant Sedgwick: Count I for FMLA interference, and Count VI for aiding and abetting disability discrimination in violation of Ohio Rev. Code § 4112.02(J). Sedgwick argues, as a third-party administrator, it cannot be held liable

for interfering with plaintiff's FMLA.  ECF Doc. 11 at 7.  As to Count VI, Sedgwick argues: 1) plaintiff failed to exhaust administrative remedies prior to filing this claim; and 2) plaintiff failed to allege Sedgwick was involved in, or actually made the purportedly discriminatory decision to terminate his employment.  ECF Doc. 22.

On Count I, Sedgwick is correct — third-party administrators do not satisfy the FMLA's definition of "employer" when there are no allegations that they had control over the employee. 29 C.F.R. § 825.106(b)(2); *See Stanley v. FCA US, LLC,* No. 3:19-cv-640, 2020 U.S. Dist. LEXIS 95073 (N.D. Ohio May 31, 2020).  Here, plaintiff asserts a legal conclusion – that Sedgwick was his employer, (ECF Doc. 19 at 2. ¶ 7) but Sedgwick was not his employer; it was a third-party administrator for plaintiff's employer.  And plaintiff has failed to allege that Sedgwick had any control over his employment, an omission fatal to his FMLA interference claim against a Sedgwick, a third-party administrator.  *See Stanley*, 2020 U.S. Dist. LEXIS 95073.  Because plaintiff has not alleged that Sedgwick had any control over his employment, his FMLA interference claim against Sedgwick (a third-party administrator) must be dismissed with prejudice.

Plaintiff's Count VI must also be dismissed.  Plaintiff has brought an aiding and abetting disability discrimination claim against Sedgwick pursuant to Ohio Rev. Code § 4112.02(J), which states that it is an unlawful discriminatory practice:

> (J) For any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.

However, Amendments to Ohio Rev. Code § 4112.02, which became effective April 15, 2021, required plaintiff to file a charge with the Ohio Civil Rights Commission prior to filing a case

against Sedgwick. Ohio Rev. Code. § 4112.052. That he did not do. He filed an EEOC charge *after* he filed this civil action against Sedgwick.[1] ECF Doc. 24-3.

Moreover, plaintiff's complaint does not allege operative facts showing Sedgwick aided and abetted Defendant Gove in an unlawful discriminatory practice, i.e., his discharge without just cause and/or the denial of his request for ADA accommodation. He alleges that Sedgwick shared a telephone recording with his employer. He does not allege specific facts which would establish Sedgwick aided, abetted, incited, compelled, or coerced Gove to terminate his employment or deny his request for ADA accommodation. If plaintiff re-files his claims against Sedgwick, such specific allegations will be necessary to proceed.

### III. Conclusion

For the reasons stated herein, Defendant Sedgwick Claims Management's motion to dismiss is GRANTED. ECF Doc. 11. Plaintiff's FMLA interference claim (Count I) against Sedgwick is dismissed with prejudice; plaintiff's aiding and abetting discrimination claim (Count VI) is dismissed without prejudice.

Dated: September 2, 2021                *s/Dan Aaron Polster*
                                         United States District Judge

---

[1] Plaintiff filed an EEOC charge against Sedgwick on July 8, 2021.