IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY MONTGOMERY, | ) | CASE NO. 1:21-cv-0999 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| ADAM GOVE, *et al.*, | ) | OPINION & ORDER |
| | ) | |
| Defendants. | ) | |

### I.      Introduction

This matter is before the Court on plaintiff's motion to amend/alter judgment (ECF Doc. 29) and plaintiff's motion to file third amended complaint.  ECF Doc. 31.  For the reasons stated below, the Court GRANTS plaintiff's motion to amend judgment and GRANTS plaintiff's motion for leave to file third amended complaint.

### II.      Motion to Alter or Amend Judgment

Following a case management conference on September 1, 2021, the Court issued an order granting Defendant Sedgwick Claims Management's ("Sedgwick") motion to dismiss. ECF Doc. 11.  The Court dismissed both of plaintiff's claims against Sedgwick.  His FMLA interference claim (Count I) was dismissed with prejudice; his aiding and abetting discrimination claim (Count VI) was dismissed without prejudice.  ECF Doc. 28.

On September 29, 2021, plaintiff filed a motion to amend/alter judgment (ECF Doc. 29), and the Ohio Employment Lawyers Association ("OELA") filed an *amicus curiae* brief in support.  ECF Doc. 30.  Plaintiff and OELA request that the Court alter its order dismissing plaintiff's "aiding and abetting unlawful discrimination" claim against Sedgwick.  OELA, in

1

particular, is concerned about the precedential effect of the Court's ruling as it relates to Ohio

Rev. Code. § 4112.052, which was recently amended.  OELA's concerns are likely unfounded.

As both plaintiff and OELA have observed, the Court did not issue a detailed analysis of the

amendments to Ohio Rev. Code. § 4112.052.  As argued by plaintiff, there is very little guidance

about Ohio's new regulations.  ECF Doc. 24 at 3.  This Court's ruling was limited to this case.

Having said that, the Court finds that plaintiff's request for amendment is well taken.  It

was unnecessary for the Court to consider Ohio Rev. Code. § 4112.052 in dismissing plaintiff's

claim.  The more fundamental flaw in plaintiff's claims was that he had not alleged operative

facts stating that Sedgwick had aided and abetted Defendant Gove in an unlawful discriminatory

practice.  Other than alleging that Sedgwick shared a telephone recording with his former

employer (an act which — on its own — was not unlawfully discriminatory), plaintiff had not

alleged any operative facts that Sedgwick incited an unlawful discriminatory practice.  In other

words, his prior allegations were insufficient to state a claim under Ohio Rev. Code § 4112.02(J).

The Court instructed plaintiff to include more specific allegations if he chose to re-file this

claim.[1]  ECF Doc. 28.

Finally, the Court dismissed plaintiff's aiding and abetting claim _without prejudice._

Plaintiff has already moved to amend this claim against Sedgwick — a step the Court fully

anticipated.  _See_ ECF Doc. 28 at 4.  Because the Court's dismissal of the aiding and abetting

claim was not final, it has no real precedential value for future cases examining the exhaustion

issue under Ohio's amended statute.  If the Court's (now amended) dismissal is inappropriately

cited, one need only respond that this Court's ruling was not final.  Plaintiff re-filed his claim.

---

[1] In stating that plaintiff would be permitted to re-file his claim, the Court recognized that the potential exhaustion issue was _not_ an insurmountable hurdle to plaintiff's claim.

Generally, three situations justify a district court altering or amending its judgment under Fed. R. Civ. P. 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice.  Here, it does not appear that the Court's prior order (ECF Doc. 28) contained any clear error of law.  However, because it was unnecessary for the Court to consider whether plaintiff had satisfied the requirements of Ohio Rev. Code. § 4112.052, the Court hereby amends its prior order to delete the paragraph related to Ohio's amended statute.  *See* ECF Doc. 28 at 3-4.  To the extent the Court's dismissal applied Ohio Rev. Code. § 4112.052, it is hereby amended.

### III.    Motion to File Third Amended Complaint

Plaintiff has also filed a motion for leave to file a third amended complaint.  ECF Doc. 31.  In his third amended complaint, plaintiff has added allegations that Sedgwick continued a telephone conversation with him beyond the time needed to complete its task and then provided the entire recording to plaintiff's employer to incite a discriminatory adverse action.  ECF Doc. 31 at 5-6.  If plaintiff can prove these new allegations, they are likely sufficient to state a violation of Ohio Rev. Code § 4112.02(J).

Federal Rule of Civil Procedure 15(a)(2) provides that, when requesting an amendment before trial, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Here, the Court dismissed plaintiff's aiding and abetting claim without prejudice.  The Court advised plaintiff that he would need to include specific allegations to state a claim under Ohio Rev. Code § 4112.02(J).  Plaintiff has attempted to do just that.

Because leave to amend a complaint should be freely given "when justice so requires," a court, in denying a request for leave to amend, is typically restricted to situations where "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment" are present. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  Here, Sedgwick argues that plaintiff's proposed amendments are futile.  Sedgwick contends the new allegations are unfounded and will not be borne out by the evidence.  That may be true.  But at this stage, the Court does not decide whether plaintiff's allegations are supported by evidence.  That will be determined in the context of a motion for summary judgment, pursuant to Fed. R. Civ. P. 56.  At this time, it is not apparent that plaintiff's amendment will be futile.

Finally, recognizing that he is seeking to amend his complaint to reassert a state law claim, plaintiff moves the Court to exercise supplemental jurisdiction over his aiding and abetting claim.  Supplemental jurisdiction exists if the following three prerequisites are met: (1) the federal claim has "substance sufficient to confer subject matter jurisdiction on the court"; (2) the state and federal claims "derive from a common nucleus of operative fact"; and (3) "the claims [are] such that plaintiff would ordinarily be expected to try them in one judicial proceeding." *Aschinger v. Columbus Showcase Co.,* 934 F.2d 1402, 1412 (6th Cir. 1991) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).  Plaintiff alleges that Sedgwick incited his former employer to violate the Americans with Disabilities Act and wrongfully terminate his employment.  If these allegations can be proven, plaintiff's aiding and abetting claim derives from a common nucleus of operative fact, and plaintiff would be expected to try his claims together.  This Court has broad discretion to

determine whether it should exercise supplemental jurisdiction.  *Carlsbad Technologies, Inc. v. HIF Bio, Inc.,* 129 S. Ct. 1862, 1866-67, 173 L. Ed. 2d 843 (2009); *Gamel v. City of Cincinnati,* 625 F.3d 949, 951-52 (6th Cir. 2010); 28 U.S.C. § 1367.  Here, the Court will exercise supplemental jurisdiction and permit plaintiff to file his third amended complaint.  However, if plaintiff's federal claims are dismissed or otherwise resolved, the Court will no longer exercise supplemental jurisdiction over plaintiff's state claims.

**IV.**  **Conclusion**

For the reasons stated herein, plaintiff's motion to amend/alter judgment (ECF Doc. 29) is GRANTED and plaintiff's motion for leave to file a third amended complaint (ECF Doc. 31) is GRANTED.  Plaintiff's third amended complaint will be considered filed as of the date of this order.

Dated: October 19, 2021                                   *s/Dan Aaron Polster*
                                                                        United States District Judge